UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

AMERICAN CIVIL LIBERTIES UNION           2:00-cv-00370-HDM-RJJ
OF NEVADA; and GARY PECK,

    Plaintiffs,

    vs.                                  **ORDER**

DEAN HELLER, *et al.*,

    Defendants.
_____/

    Before the court is plaintiffs' Motion for Attorney's Fees and Costs (Doc. #47). Defendants have opposed (Doc. #48), and plaintiffs have replied (Doc. #49).

    Plaintiffs move this court for attorney's fees and costs in the amount of $56,158.34. Pursuant to 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the cost." There is no dispute that plaintiffs are the prevailing party in this case. Defendants contend, however, that plaintiffs should not receive fees for any work related to the standing issue, and that plaintiffs' hourly rates are unreasonable.

1    "The most useful starting point for determining the amount of
2  a reasonable fee is the number of hours reasonably expended on the
3  litigation multiplied by a reasonable hourly rate."  <u>Hensley v.</u>
4  <u>Eckerhart</u>, 461 U.S. 424. 433 (1983).  A district court, however,
5  should exclude hours that were not "reasonably expended."  <u>Id.</u> at
6  434.  Although 42 U.S.C. § 1988(b) provides the district court with
7  discretion to determine what constitutes a reasonable attorney's
8  fee, the district court must provide a clear explanation of its
9  reasoning.  <u>Id.</u> at 437.
10    Plaintiffs commenced the present action on March 24, 2000.  On
11  February 13, 2001, the district court granted the defendants'
12  motion to dismiss, and plaintiffs appealed that decision to the
13  Ninth Circuit.  On May 21, 2002, the Ninth Circuit raised *sua*
14  *sponte* the question whether plaintiffs had Article III standing,
15  and directed the parties to submit supplemental briefs addressing
16  the standing issue.  On July 30, 2002 the Ninth Circuit remanded
17  the suit to this court for the limited purpose of determining
18  whether plaintiffs had Article III standing.  The Ninth Circuit
19  also permitted the plaintiffs to amend their complaint to avoid
20  dismissal on standing grounds, indicating that plaintiffs had
21  failed to properly plead an injury in fact.  The Ninth Circuit
22  specifically stated:

23  > [i]t is far from clear that the [plaintiffs'] extremely
      "conclusory allegations" of a chilling effect on their
24  > speech due to the existence of Nev. Rev. Stat. § 294A.320
      would have passed the standing hurdle at the pleading
25  > stage . . . There is no allegation that any of the
      [plaintiffs] have engaged in, intend to engage in, or
26  > would engage in but for the statute, any speech

                                    2

1
2
3
>concerning an election or candidate, much less any speech covered by [Nev. Rev. Stat.] § 294A.320.  Nor is there any allegation that the ACLU is suing on behalf of its members, or that any of the ACLU's members can meet the injury in fact requirement outlined above.

Accordingly, this court finds that the hours plaintiffs expended on the standing issue are attributable to plaintiffs' own failure to properly plead its First Amendment claim.  Therefore, the court concludes that the defendants should not be responsible for the plaintiffs' legal fees that relate to the standing issue.

Defendants contend that the plaintiffs' fee award should be reduced by $16,850.00 for the hours that plaintiffs expended between the Ninth Circuit's limited remand on July 30, 2002 and this court's determination that plaintiffs had established standing on February 10, 2003.  The court finds that the fee request should be reduced by the number of hours expended between May 21, 2002, when the Ninth Circuit directed the parties to submit supplemental briefs addressing the standing issue, and December 10, 2002, when plaintiffs filed their second amended complaint, properly alleging their claim.  The court finds that Allen Lichtenstein ("Lichtenstein") reasonably expended 126.84 hours and JoNell Thomas ("Thomas") reasonably expended 6.4 hours on this litigation for which they are entitled to reimbursement.

Defendants also contend that the plaintiffs' hourly rates are unreasonable. "The statute and legislative history establish that "reasonable fees" under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit

3

1  counsel." <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984).  A practical
2  starting point for determining the prevailing market rate is the
3  counsel's normal billing rate in similar actions.  <u>Moore v. Jas. H.
4  Matthews & Co.</u>, 682 F.2d 830, 840 (9th Cir. 1982).   Here,
5  plaintiffs allege that their hourly rates are based on the hourly
6  rates that counsel charge their clients in similar First and
7  Fourteenth Amendment actions.  Lichtenstein's normal rate is $300
8  per hour, whereas Thomas's normal rate is $250 per hour.
9  Plaintiffs have attached a Declaration of Cal Potter stating that
10 his rate for litigating similar actions in the Las Vegas, Nevada,
11 community is $300 per hour.  Moreover, plaintiffs have attached a
12 Stipulation in which the Nevada Attorney General's Office
13 previously agreed to Lichtenstein and Thomas's rates of $300 and
14 $250 per hour, respectively, in a similar action that also
15 concerned political expression under the First and Fourteenth
16 Amendments.  <u>See</u> <u>Nevada Press v. Nevada Commission on Ethics</u>, 2:02-
17 cv-01195-LDG-RJJ (Doc. #30).  Thus, this court concludes that
18 plaintiffs' hourly rates of $300 per hour and $250 per hour are
19 reasonable.
20 //
21 //
22 //
23 //
24 //
25 //
26 //

**CONCLUSION**

The plaintiffs' motion for an award of attorney's fees and costs (Doc. #47) is GRANTED in the amount of $39,982.50, calculated as follows: $38,052 for Lichtenstein, for 126.84 hours at a rate of $300 per hour; $1,600 for Thomas, for 6.4 hours at a rate of $250 per hour; and $330.50 in out of pocket costs.

It is so ORDERED.

Dated this 23rd day of December, 2005.

_____
SENIOR U.S. DISTRICT JUDGE

5